David S. Elkins (State Bar No. 148077)
DElkins@ssd.com
Wayne A. Jones (State Bar No. 255362)
WJones@ssd.com
Xavier M. Brandwajn (State Bar No. 246218)
XBrandwajn@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, California 94304-1043
Telephone: 650.856.6500
Facsimile: 650.843.8777

Attorneys for Plaintiff and Counterclaim Defendant
AEROSCOUT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEROSCOUT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAVI TECHNOLOGY, INC., <br><br> Defendant. <br><br> SAVI TECHNOLOGY, INC., <br><br> Counterclaimant, <br><br> vs. <br><br> AEROSCOUT, INC., <br><br> Counterclaim Defendant. | Case No. C 08-02919 (PVT) <br><br> **AEROSCOUT, INC.'S ANSWER TO SAVI TECHNOLOGY, INC.'S COUNTERCLAIMS** <br><br> The Honorable Patricia V. Trumbull |

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

AEROSCOUT'S ANSWER TO COUNTERCLAIMS
CASE NO. C 08-02919 (PVT)

Plaintiff and counterclaim defendant AeroScout, Inc. ("AeroScout") hereby answers the Counterclaim of defendant and counterclaimant Savi Technology, Inc. ("Savi") as follows:

## JURISDICTION

1. Answering paragraph 40, AeroScout admits that this Court has jurisdiction over the Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## VENUE

2. Answering paragraph 41, AeroScout admits that venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## INTRADISTRICT ASSIGNMENT

3. Answering paragraph 42, AeroScout admits that venue is proper in any courthouse of this district.

## GENERAL ALLEGATIONS

4. Answering paragraph 43, AeroScout admits that Savi is a participant in the market for real-time visibility, asset management, consignment and shipment management, inventory optimization, and global supply chain visibility and security. AeroScout admits that Savi purports to have developed applications and associated automatic identification and date collection systems including bar code and RFID technologies. AeroScout lacks sufficient information or belief to admit or deny the remaining allegations of paragraph 43 and thus denies them.

5. Answering paragraph 44, AeroScout admits that in a typical asset tracking system, RFID tags may be attached to assets such as inventory, shipping packages, machines or other equipment. AeroScout admits that RFID tags are small electronic transponders that may include at least one integrated circuit for storing and processing information and a radio frequency transmitter/receiver for communicating with the rest of the system. AeroScout admits that in certain asset tracking systems, RFID tags may communicate with other system components, such as readers, using radio frequency signals, and that in certain systems such signals may transmit asset information, status and/or location to the asset tracking system. AeroScout admits that in certain asset tracking systems, components called signposts may use low-frequency RF signals to provide location information to tagged assets within a defined area. AeroScout admits that in

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

-2-
AEROSCOUT'S ANSWER TO COUNTERCLAIMS
CASE NO. C 08-02919 (PVT)

1  certain asset tracking systems, software applications might process RFID tag information to
2  provide asset tracking management features.  AeroScout admits that the United States Patent and
3  Trademark Office reflect Savi as the assignee of record for the '114, '888, '484, and '392 Patents.
4  AeroScout denies the remaining allegations of paragraph 44.

5        6.     Answering paragraph 45, AeroScout admits that it provides RFID tags and
6  associated infrastructure components for locating and monitoring assets and people over standard
7  WiFi networks to improve and automate business processes.  AeroScout admits that its Unified
8  Asset Visibility ("UAV") system may include RFID tags that communicate with readers for
9  providing tracking and management information about the tagged assets.  AeroScout admits that
10 its UAV solution may also include exciter components that use WiFi signals to provide location
11 information to RFID tags within a defined area.  AeroScout denies the remaining allegations of
12 paragraph 45.

### CLAIMS FOR RELIEF

#### First Claim: Infringement of U.S. Pat. No. 6,542,114

15       7.     AeroScout admits that Savi contends that its first claim for relief arises under 35
16 U.S.C. §271 *et seq.*  AeroScout's responses to paragraphs 1-6 above are incorporated by
17 reference.

18       8.     AeroScout admits that the first sentence of this paragraph accurately describes
19 U.S. Patent No. 6,542,114 ("the '114 patent").  AeroScout lacks a sufficient basis to admit or
20 deny the remaining allegations of paragraph 47 and on that basis denies them.

21       9.     AeroScout denies the allegations of paragraph 48.
22      10.    AeroScout denies the allegations of paragraph 49.
23      11.    AeroScout denies the allegations of paragraph 50.
24      12.    AeroScout denies the allegations of paragraph 51.

#### Second Claim: Infringement of U.S. Pat. No. 6,765,484

26      13.    AeroScout admits that Savi contends that its second claim for relief arises under 35
27 U.S.C. §271 *et seq.*  AeroScout's responses to paragraphs 1-6 above are incorporated by
28 reference.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

-3-
AEROSCOUT'S ANSWER TO COUNTERCLAIMS
CASE NO. C 08-02919 (PVT)

14. AeroScout admits that the first sentence of this paragraph accurately describes U.S. Patent No. 6,765,484 ("the '484 patent"). AeroScout lacks a sufficient basis to admit or deny the remaining allegations of paragraph 53 and on that basis denies them.

15. AeroScout denies the allegations of paragraph 54.

16. AeroScout denies the allegations of paragraph 55.

17. AeroScout denies the allegations of paragraph 56.

18. AeroScout denies the allegations of paragraph 57.

**Third Claim: Infringement of U.S. Pat. No. 6,940, 392**

19. AeroScout admits that Savi contends that its third claim for relief arises under 35 U.S.C. §271 *et seq.* AeroScout's responses to paragraphs 1-6 above are incorporated by reference.

20. AeroScout admits that the first sentence of this paragraph accurately describes U.S. Patent No. 6,940, 392 ("the '392 patent"). AeroScout lacks a sufficient basis to admit or deny the remaining allegations of paragraph 59 and on that basis denies them.

21. AeroScout denies the allegations of paragraph 60.

22. AeroScout denies the allegations of paragraph 61.

23. AeroScout denies the allegations of paragraph 62.

24. AeroScout denies the allegations of paragraph 63.

**AEROSCOUT'S DEFENSES**

**FIRST DEFENSE**

**(Failure to State a Claim)**

The Counterclaim fails to state a claim on which relief can be granted.

**SECOND DEFENSE**

**(Noninfringement of the '114 Patent)**

AeroScout has not directly infringed and does not directly infringe any valid claim of the '114 Patent. AeroScout is not now inducing nor has it ever induced any entity or person to infringe any valid claim of the '114 Patent. AeroScout is not now contributing nor has it ever contributed to the infringement of any valid claim of the '114 Patent.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

-4-
AEROSCOUT'S ANSWER TO COUNTERCLAIMS
CASE NO. C 08-02919 (PVT)

**THIRD DEFENSE**

**(Invalidity of the '114 Patent)**

The asserted claims of the '114 Patent are invalid and unenforceable because, among other things, they fail to satisfy the requirements of 35 U.S.C. §§102, 103, 112 and/or 132.

**THIRD DEFENSE**

**(Noninfringement of the '484 Patent)**

AeroScout has not directly infringed and does not directly infringe any valid claim of the '484 Patent. AeroScout is not now inducing nor has it ever induced any entity or person to infringe any valid claim of the '484 Patent. AeroScout is not now contributing nor has it ever contributed to the infringement of any valid claim of the '484 Patent.

**FOURTH DEFENSE**

**(Invalidity of the '484 Patent)**

The asserted claims of the '484 Patent are invalid and unenforceable because, among other things, they fail to satisfy the requirements of 35 U.S.C. §§102, 103, 112 and/or 132.

**FIFTH DEFENSE**

**(Noninfringement of the '392 Patent)**

AeroScout has not directly infringed and does not directly infringe any valid claim of the '392 Patent. AeroScout is not now inducing nor has it ever induced any entity or person to infringe any valid claim of the '392 Patent. AeroScout is not now contributing nor has it ever contributed to the infringement of any valid claim of the '392 Patent.

**SIXTH DEFENSE**

**(Invalidity of the '392 Patent)**

The asserted claims of the '392 Patent are invalid and unenforceable because, among other things, they fail to satisfy the requirements of 35 U.S.C. §§102, 103, 112 and/or 132.

**SEVENTH DEFENSE**

**(Estoppel)**

Savi's counterclaims are barred by the doctrine of equitable estoppel.

## EIGHTH DEFENSE

### (Failure to Mark)

AeroScout is informed and believes and therefore alleges that any claim by Savi that AeroScout has infringed the '114, '484 or '392 Patents is barred by the failure to mark goods covered by or licensed under the patents, or that in the alternative Savi may not recover purported damages because of such failure(s) to mark.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff and counterclaim defendant AeroScout prays as follows:

1. That judgment is rendered in AeroScout's favor and against Savi on the Counterclaim.

2. That AeroScout is awarded attorney's fees and costs incurred from these Counterclaim proceedings.

3. For such other relief as the Court deems just and proper.

Dated:   September 2, 2008               SQUIRE, SANDERS & DEMPSEY L.L.P.

By: /s/David S. Elkins
David S. Elkins
Wayne A. Jones
Xavier M. Brandwajn

Attorneys for Plaintiff and
Counterclaim Defendant AEROSCOUT, INC.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

-6-
AEROSCOUT'S ANSWER TO COUNTERCLAIMS
CASE NO. C 08-02919 (PVT)